NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—April, 1877.

## LEWIS v. WATSON.

*In the matter of the application of* JOHN W. LEWIS *to be relieved from further liability as one of the sureties on the bond of* MARGARET K. WATSON *as administratrix of* JAMES WATSON, *deceased.*

When a surety on an administrator's bond applies to be released from further responsibility thereon, the fact that the surety and his relatives are indebted to the estate and that his object in making the application is in order to procure the administration to be transferred to a person who will refrain from enforcing payment of such debts from him and them, is not ground for refusing the application.

JOHN W. LEWIS, one of the sureties of Margaret K. Watson, administratrix, petitioned to be released as such surety.

The petition or application bears date January 18th, 1876.

Two defaults had been taken and the orders entered under the statute for such release, and on motion opened, and now the administratrix appears, and opposes the motion on the ground that said surety has received moneys belonging to the administratrix which he has failed to pay over; that Edward J. Lewis, said surety's son, and tenant of a certain bonded warehouse, had obtained moneys of the administratrix amounting to upwards of $178,000, and has failed to account, considerable of which amounts were applied by him, with the knowledge of his father, in erecting part of said warehouse; that the administratrix had demanded an

accounting regarding said matter, and the said son and surety promised to account, but have failed; that such accounting is necessary to ascertain the amount which he could pay over, before relief is granted on his petition; that parts of the amount received by said Edward J. were a portion of the estate in question, he having married a daughter of the decedent; that said Edward J. pretends that on his father being released, his wife will apply for administration, and that her appointment to such office would bar proceedings against her husband and father-in-law in reference to amounts, credits and liabilities.

J. L. PRICE, *for the petitioner.*

J. H. STRAHAN, *for the administratrix.*

THE SURROGATE. — By section 29 of 4 *Statutes at Large* 492, (L. 1862, ch. 229) when either. or all of the sureties of any executor or administrator shall desire to be released from responsibility, on account of the future acts or defaults of such executor or administrator, they may make application to the surrogate who granted the letters, for relief, and the 30th section provides that thereupon the surrogate shall issue a citation to such executor or administrator requiring him to appear and give new sureties in the usual form. Section 31 provides that if such new sureties be given, the surrogate may order that the surety applying for relief shall not be liable on his bond for any subsequent act, &c., of such executor or administrator, and the 32d section provides that if such executor or administrator neglect to give new sureties, on the return of the citation, or within such reasonable time

as the surrogate shall allow, not exceeding five days, the surrogate shall revoke the letters.

From these provisions it is quite evident that the surety is entitled to the relief asked, after the return of the citation and the expiration of the time limited for the administrator to give new surety.

None of the facts alleged by way of answer in this matter constitute a defence to the application. If the estate has any claim against the surety, his continuing surety adds nothing to the facility of its enforcement, nor does his release obstruct its enforcement.

The suggestion that the surety's son's wife may intend to apply for letters of administration, can in no way affect the question under consideration, if such application shall be made, nor does it appear that the recovery of any claim against her husband or father-in-law would be obstructed or jeopardized. It might, however, afford a defence to her application, but there is nothing in the nature of this case to indicate that the release of this surety would embarrass the present administratrix, either in the performance of her duty or in supplying a new surety.

The Statute prescribes the only proceeding to be taken on such an application, and seems to exclude the idea that either the administratrix or any parties interested in the estate may require the surety to continue as such against his will.

If, on an accounting, it shall appear that the administratrix has failed to perform her duty, for the performance of which the petitioner has become surety, neither his liability or responsibility can be affected by his release in respect to the future acts of the

administratrix, much less has the administratrix her-
self the right to ask him to continue such liability for
her benefit.

The prayer of the petition must therefore be grant-
ed, and the administratrix required to give a new
surety within five days, and in case of failure so to do,
her letters should be revoked, and after such revoca-
cation or giving of a new surety, the petitioner may
be released.

Order accordingly.